FW 400004205

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS FORT WORTH DIVISION

**Camilla Colleen Thomas**
Plaintiff,

v.

**Walmart Inc.,**
Defendant.

Case No. [To be assigned]  4-25cv-116-0

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 10 2025
CLERK, U.S. DISTRICT COURT
By _____
Deputy

# COMPLAINT

Plaintiff Camilla Colleen Thomas ("Plaintiff"), proceeding pro se, brings this action against Walmart Inc. ("Defendant"), and alleges as follows:

## INTRODUCTION

1. This is an action for violations of the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. §206(d), and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et seq. Plaintiff alleges that Defendant intentionally discriminated against her on the basis of her sex by paying her less than a similarly situated male employee for equal work requiring equal skill, effort, and responsibility.
2. Plaintiff seeks compensatory damages, liquidated damages, punitive damages, and equitable relief to rectify Defendant's discriminatory practices.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and 29 U.S.C. §206(d) because the claims arise under federal law.
4. Venue is proper in this judicial district under 28 U.S.C. §1391(b) because the unlawful employment practices occurred within this district, and Defendant conducts business in this district.

## PARTIES

5. Plaintiff Camilla Colleen Thomas was a resident of Krum, Texas. Plaintiff Camilla Colleen Thomas is now a resident of Wadsworth, Ohio. At all relevant times, Plaintiff was an employee of Defendant.
6. Defendant Walmart Inc. is a corporation organized under the laws of Delaware with its principal place of business in Bentonville, Arkansas. Walmart operates retail locations throughout Texas, including in Fort Worth, where Plaintiff was employed at a Fulfillment Facility, now closed. Defendant may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## FACTUAL ALLEGATIONS

7. Plaintiff was employed by Defendant as an Assistant Director from October 2021, to February 2023 in a Fort Worth Fulfillment Facility. Prior to that, Plaintiff was employed by Defendant as an Assistant General Manager for a Distribution Facility in Sealy, Texas from June 2019, to October 2021.
8. Plaintiff and her male peer were both hired as Assistant Directors with identical job titles, responsibilities, and functions in the Fort Worth Fulfillment facility. Plaintiff's male peer is believed to have been hired early in 2021.
9. Despite performing substantially equal work requiring equal skill, effort, and responsibility, Plaintiff was paid a base salary of ~$125,000, which increased annually to $130,050.37 and $135,252.46, while her male peer was paid a base salary of $155,000, which increased to $161,200.04, both increases being through normal annual increases.
10. Plaintiff holds superior qualifications, including higher education degrees and certifications, which her male peer does not possess.
11. Plaintiff brought the pay disparity to the attention of her supervisor General Manager Brandon Forcier and Human Resources Manager in March 2022 and requested to receive similar pay in line with her superior qualifications.
12. During normal monthly "one on one" performance reviews in April and May, Plaintiff requested updates on the salary equalization process, and was told that it would require additional time.
13. On June 27, 2022, and July 28, 2022, Plaintiff discussed the matter with General Manager Forcier who dismissed her concerns and stated she should have "negotiated better" at the time of her hire and transfer from another Walmart facility, and that he couldn't do anything about her salary. These comments were similar in nature to those made in the same general time period by Human Resources Manager Keanna Jones.
14. On or about January 31, 2023, Plaintiff filed an ethics complaint regarding the pay disparity and requested backpay and back bonus wages. Defendant failed to provide evidence justifying the pay disparity.
15. Around the same time, Plaintiff entered a claim of violation of the EPA and Title VII with the Equal Employment Opportunity Commission. The U.S. Equal Employment Opportunity Commission ("EEOC") conducted an investigation and issued a

15. (cont.) Determination finding reasonable cause to believe that Defendant violated the EPA and Title VII by paying Plaintiff less than her male peer for equal work.
16. During the conciliation process, Defendant agreed to pay Plaintiff $60,000 but has failed to finalize the agreement due to disputes over non-monetary remedies, such as additional training and anti-discrimination signage in facilities.
17. Plaintiff received a Notice of Right to Sue from the EEOC on February 7th, 2025 under case number 450-2023-04125, enabling her to bring this action.

## CAUSES OF ACTION

### Count 1: Violation of the Equal Pay Act of 1963

18. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 15.
19. Defendant intentionally violated the EPA by paying Plaintiff less than her male peer for performing substantially equal work.
20. Defendant's actions were intentional, willful and not in good faith, entitling Plaintiff to liquidated damages equal to her unpaid wages under 29 U.S.C. §216(b).

### Count 2: Violation of Title VII of the Civil Rights Act of 1964

21. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 15.
22. Defendant discriminated against Plaintiff on the basis of her sex by subjecting her to unequal pay in violation of Title VII.
23. Defendant's actions were intentional and/or taken with reckless disregard for Plaintiff's federally protected rights, entitling her to compensatory and punitive damages under 42 U.S.C. §1981a.

## DAMAGES AND RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court grant the following relief:

1. Backpay, including all bonuses, in the approximate amount of $53,000, representing the wage disparity including bonuses from October 2021 to February 2023.
2. Liquidated damages equal to the amount of backpay and bonuses ($53,000).
3. Punitive damages up to $300,000 under Title VII.
4. An award of Plaintiff's costs and fees incurred in this action, including filing fees, travel expenses, and reasonable compensation for Plaintiff's time.
5. Equitable relief, including an order requiring Defendant to provide additional training to management and display anti-discrimination signage in all facilities.
6. Any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**

*Camilla Colleen Thomas*

Camilla Colleen Thomas
9019 Skylane Drive
Wadsworth, Ohio 44281
cammy.thomas@aim.com

734-770-1035
Pro Se Plaintiff

JS 44 (Rev. 08/18) **CIVIL COVER SHEET**

RECEIVED FEB 10 2025 CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Camilla Colleen Thomas

**DEFENDANTS**
Walmart Inc.

4-25CV-116-O

**(b)** County of Residence of First Listed Plaintiff: Medina, OH
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Benton, AR
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se Plaintiff

Attorneys *(If Known)*
To Be Determined by Defendant

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation / ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** / **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Equal Pay Act, 29 U.S.C. §206(d), and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et seq.
Brief description of cause:
Plaintiff was intentionally paid less than similarly situated male peer.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ $300,000+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*:
JUDGE _____  DOCKET NUMBER _____

DATE: Feb 8, 2025
SIGNATURE OF ATTORNEY OF RECORD: Camilla Colleen Thomas, Pro Se Plaintiff

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____



